# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA ALBANY DIVISION

| | |
|---|---|
| YOLANDA MORRIS, | ) |
| | ) |
| Plaintiff, | ) CASE NO. : |
| | ) |
| v. | ) |
| | ) JURY TRIAL REQUESTED |
| DOLLAR GENERAL CORP., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

**COMES NOW** Yolanda Morris ("Plaintiff" or "Ms. Morris"), by and through the undersigned counsels of record, to hereby file this Complaint against Dollar General Corp. ("Defendant" or "Dollar General") under Title VII of the Civil Rights Act of 1964 ("Title VII") as amended by the Pregnancy Discrimination Act of 1978 (the "Pregnancy Discrimination Act"), 42 U.S.C.A. § 2000e(k); and the 1991 amendments to Title VII, 42 U.S.C.A. § 2000e-2(m). Plaintiff brings an additional claim under 29 U.S.C.A. § 2601 *et seq.*, the Family and Medical Leave Act of 1993 ("FMLA"). Plaintiff seeks economic damages

1

such as back pay and lost benefits. Plaintiff also seeks non-economic compensatory damages, as well as other damages available under law, including attorneys' fees and the costs of litigation. Plaintiff alleges the following factual statements and legal claims:

## JURISDICTION & VENUE

1. This Court is entitled to exercise jurisdiction under 28 U.S.C.A. §§ 1331 and 1343.

2. Venue is proper in the Albany Division of the Middle District of Georgia since the alleged discriminatory actions of Defendant occurred in Worth County, Georgia.

3. The Defendant may be served through its registered agent, Corporation Service Company of Cobb County, Inc., at 192 Anderson St. SE, Suite 125, Marietta, Georgia 30060.

## PARTIES

4. Plaintiff is a citizen of the United States and a resident of Georgia. Ms. Morris is over the age of eighteen (18) years old.

5. Dollar General is an American chain of variety stores headquartered in Tennessee. Defendant owns and operates a store located at 5837 Georgia

Highway 300 in Warwick, Georgia. At all times relevant to this complaint, Plaintiff was employed by Defendant.

6. Plaintiff is an eligible employee under the FMLA, in that she worked at least 1,250 hours for Defendant within the 12 months preceding her request for leave under the FMLA. 29 U.S.C.A. § 2611(2)(A).

7. Defendant is an employer covered by the FMLA. 29 U.S.C.A. § 2611(4)(A).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Ms. Morris filed a charge of gender discrimination and pregnancy discrimination with the U.S. Equal Employment Opportunity Commission in Atlanta, Georgia, on February 1, 2021. (Ex. A) Ms. Morris received a right to sue letter on February 7, 2022. This cause of action is timely filed within ninety (90) days after her receipt of the letter. (Ex. B).

## STATEMENT OF FACTS

9. Ms. Morris began her employment as a sales associate at Dollar General's Warwick, Georgia location in 2015. Ms. Morris was promoted to the position of assistant general manager in 2017.

10. Ms. Morris is a young mother who struggled with medical complications during successive pregnancies. In 2018, she required extended medical leave after the birth of her child.

11. In late 2019, Ms. Morris became pregnant again, and in the spring of 2020, she was alerted by her doctor that she was at high risk of losing her unborn child. Ms. Morris had a successful emergency surgical procedure to reduce the danger.

12. After a short time off to recover, Ms. Morris returned to Dollar General in late March 2020. Her doctor, however, recommended that she be restricted from lifting more than ten pounds.

13. Ms. Morris' store manager immediately rejected Plaintiff's request for accommodation, telling Ms. Morris that "Dollar General does not do restrictions." Upon information and belief, Dollar General does not uniformly preclude accommodations for all employees with temporary physical limitations.

14. By denying pregnant women access to accommodations while other employees with temporary physical conditions are permitted accommodations, the no-restriction rule announced to Ms. Morris constitutes discriminatory treatment based on pregnancy.

15. The manager told Ms. Morris that if she was incapable of working without restrictions, she needed to go on immediate unpaid FMLA leave. For economic reasons, Ms. Morris tried to carry on at work for over a month, before her doctor strongly advised her that her pregnancy was being endangered by the strain of lifting at work.

16. Ms. Morris had no choice but to take leave in May 2020, over two months ahead of her planned timetable for leave. Had Dollar General provided the reasonable accommodation she requested, Ms. Morris could have continued to work and earn income during most of the final months of her pregnancy.

17. In July 2020, Ms. Morris gave birth six weeks prematurely, and her child fell into a medical crisis that required prolonged hospitalization. Ms. Morris remained on FMLA leave in order to regularly visit her child in the hospital and to recover her strength after a difficult pregnancy.

18. Ms. Morris was notified that her twelve weeks of FMLA leave would expire on August 7, 2020, but that she would be permitted to extend her time off for another month through a company-based short-term leave policy.

19. In September 2020, because her child continued to struggle with health complications, Ms. Morris inquired about another Dollar General leave

option described as a "baby bonding" policy, which would permit an additional two weeks off.

20. Ms. Morris and her store manager actively discussed an early October 2020 return date as the "baby bonding" leave application was processed.

21. Within approximately a week of requesting one more extension of her pregnancy-related leave, Ms. Morris abruptly learned by mail from the Georgia Department of Labor that Dollar General had reported her separation from the company effective September 21, 2020, on grounds of "personal reasons."

22. At no point in September 2020 or earlier did Ms. Morris communicate that she had any intentions other than a return to full time work at Dollar General; nor was she given any ultimatum to return. To the contrary, the store manager led her to think that the "baby bonding" leave would almost certainly be granted.

23. When Ms. Morris sought an answer as to how an assurance of additional leave time turned into a sudden termination, no one at Dollar General took accountability for the decision to fire her. The human resources department told her that terminations are made at the individual store level; the manager in turn claimed to have no knowledge of why Ms. Morris was separated from the company.

24. Ms. Morris never received a notice of termination from Dollar General or an explanation of the grounds for her dismissal. Dollar General's representation to the Georgia Department of Labor suggested she had resigned or voluntarily separated, which was false and pretextual.

25. Dollar General's refusal to accommodate Ms. Morris' reasonable request for accommodations after her surgery in March 2020 required her to prematurely exhaust up to eight weeks of FMLA leave. Had Dollar General's "no-restrictions" policy for pregnant women not compelled her to take leave well ahead of her plans to do so, Ms. Morris' job status would have been protected by the FMLA at the time of her termination in September 2020.[1]

26. Ms. Morris' effort to obtain additional leave for reasons related to her pregnancy constitutes protected activity under the Pregnancy Discrimination Act.

27. Given the sudden timing of Ms. Morris' termination, within a week of a request for additional leave for pregnancy or childbirth-related reasons, there is an inference that Dollar General's actions were in some way motivated by an illegal discriminatory intent as defined by the Pregnancy Discrimination Act.

---

[1] As a result, Defendant's refusal to accommodate Ms. Morris did not become actionable until either her subsequent exhaustion of leave or her termination. Under either formulation, this theory was timely raised in her charge of discrimination with the EEOC.

28.     In addition, Dollar General's termination of Ms. Morris was retaliation for her exercise of her federally protected rights under the Pregnancy Discrimination Act and the FMLA, specifically the weeks of leave she accumulated for pregnancy related reasons during the spring and summer of 2020, and Dollar General's perception that Ms. Morris had been absent from their workforce for too lengthy a period of time.

29.     As a result of her discriminatory termination under Title VII as amended by the Pregnancy Discrimination Act and the FMLA, Ms. Morris has lost income and benefits and suffered compensatory damages in the form of mental and emotional distress.  Ms. Morris has also incurred costs and attorneys' fees to exercise her lawful rights under federal law.

## PLAINTIFF'S CAUSES OF ACTION

## COUNT ONE

**(Discriminatory termination based on pregnancy-related reasons)**

30.     Plaintiff realleges paragraphs 1 through 29, as if set forth fully herein.

31.     Plaintiff's request to take additional leave related to her pregnancy and childbirth was a motivating factor in Defendant's decision to terminate her employment.  42 U.S.C.A. § 2000e-2(m).

32. Defendant's termination of Plaintiff violated Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978. 42 U.S.C.A. § 2000e(k).

33. As a result of Defendant's discriminatory termination, Plaintiff has suffered monetary damages including lost pay, and non-economic compensatory damages for emotional distress and mental anguish.

## COUNT TWO

**(Retaliation for protected activity under the Pregnancy Discrimination Act)**

34. Plaintiff realleges paragraphs 1 through 33, as if more fully set forth herein.

35. Plaintiff's extended leave for reasons related to her pregnancy and childbirth was a motivating factor in Defendant's decision to terminate her employment. 42 U.S.C.A. § 2000e-2(m).

36. Defendant's termination of Plaintiff violated Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978. 42 U.S.C.A. § 2000e(k).

37. As a result of Defendant's discriminatory termination, Plaintiff has suffered monetary damages including lost pay, and non-economic compensatory damages for emotional distress and mental anguish.

## COUNT THREE

**(Discriminatory failure to accommodate based on pregnancy)**

38. Plaintiff realleges paragraphs 1 through 37 above, as if more fully set forth herein.

39. Defendant maintained a policy and practice of refusing to provide accommodations related to pregnancy while Defendant accommodated other, non-pregnant employees similar in their ability or inability to work.

40. Defendant's rejection of Plaintiff's request for accommodations, which required her to prematurely exhaust leave benefits that otherwise would have protected her job at the time of termination, violated Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act. 42 U.S.C.A. § 2000e(k).

41. As a result of Defendant's discriminatory policy, Plaintiff has suffered monetary damages including lost pay, and non-economic compensatory damages for emotional distress and mental anguish.

## COUNT FOUR

## (Retaliation under the FMLA)

42. Plaintiff realleges paragraphs 1 through 41 above, as if more fully set forth herein.

43. Plaintiff was an eligible employee under the FMLA. 29 U.S.C.A. § 2611(2)(A).

44. Defendant is an employer covered by the FMLA. 29 U.S.C.A. § 2611(4)(A).

45. Plaintiff exercised her lawfully protected rights under the FMLA for twelve weeks of leave for qualified medical conditions, specifically her pregnancy and medical complications related to her pregnancy.

46. Defendant retaliated against Plaintiff by terminating her for exercising her lawfully protected rights under the FMLA. 29 U.S.C.A. § 2615(a)(1)-(2).

47. As a result of Defendant's retaliatory conduct, Plaintiff was deprived of pay and other benefits for which she was eligible under company policies.

48. Plaintiff is entitled to liquidated damages for Defendant's willful violation of her rights under the FMLA. 29 U.S.C.A. § 2617(a)(1)(A)(iii).

## PRAYER FOR RELIEF

**WHEREFORE,** based on the above-stated claims, Plaintiff respectfully prays that this Court grant the following relief:

a) Judgment declaring that the Defendant discriminated against Plaintiff in violation of the Pregnancy Discrimination Act;

b) Judgment declaring that Defendant retaliated against Plaintiff for exercising her rights under the FMLA;

c) An award of back pay;

d) Restoration of benefits or the value thereof;

e) Compensatory damages, including but not limited to damages for emotional distress and mental anguish;

f) Liquidated damages;

g) Equitable relief;

h) Punitive damages, to the extent allowed by law;

i) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

j) Pre-judgment and post-judgment interest at the highest lawful rate; and

k) Further relief as the Court may deem appropriate and necessary.

Respectfully submitted this 3rd day of March, 2022.

**HKM Employment Attorneys LLP**

<u>s/Artur Davis</u>
Artur Davis[2]
ASB-3672-D56A
2024 3rd Ave. North
Suite 307
Birmingham, AL 35203
205-881-0935
adavis@hkm.com
Jermaine "Jay" Walker
Georgia Bar No. 142044
3355 Lenox Rd. NE
Suite 705
Atlanta, GA 30326
jwalker@hkm.com
404-301-4020

---

[2] Mr. Davis will promptly apply for admission *pro hac vice* in this matter.